UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION

CIVIL ACTION NO. 1:13-CV-00009-JHM

CLEARVIEW ENERGY, LLC                                             APPELLANT

V.

MAMMOTH RESOURCES PARTNERS, INC., et al.,           APPELLEE

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court upon an appeal from Bankruptcy Court. The Appellant argues that the Bankruptcy Court erred when it held that 11 U.S.C. § 365(d)(4) did not apply to oil and gas leases and allowed certain oil and gas leases to be sold as property of the estate. Appellee, Robert W. Leasure, in his capacity as Trustee, has made a motion to dismiss the appeal. [DN 13] Fully briefed, these matters are ripe for decision.

**I. BACKGROUND**

In 1992 Larry Jones and Steve Jones entered into an oil and gas lease with Green Oil Company. The Larry Jones Oil and Gas Lease and the Steve Jones Oil and Gas Lease ("Jones Oil and Gas Leases") were assigned to Mammoth Resource, LLC on September 1, 2005. Mammoth Resouce, LLC, and its affiliates, Mammoth Resource Partners, Inc. and Mammoth Filed Services, Inc. ("Debtors") owned and operated gas and oil well interests. On September 8, 2010, the Debtors filed voluntary Chapter 11 bankruptcy petitions. The Bankruptcy Court directed that the estates be jointly administered.

The Trustee of the estates filed a motion on October 17, 2012 seeking to sell certain oil well interests which included the Jones Oil and Gas Leases pursuant to 11 U.S.C. § 363(b). Appellant filed an objection to the motion, and after a hearing, the Bankruptcy Court granted the motion,

approving the sale on December 12, 2012 ("Sale Order"). Appellant filed a motion to reconsider as well as a motion to stay the sale pending the determination of the motion to reconsider. A hearing was held in the Bankruptcy Court on January 8, 2013 and the following day, an Order was entered denying the motion to stay. On January 17, 2013, the motion to reconsider was denied. Appellant filed its notice of appeal of the Sale Order on January 18, 2013, as well a motion to stay the sale of the assets which was scheduled for January 29, 2013. A hearing was held on January 24, 2013 regarding the motion to stay the sale. The Bankruptcy Court granted the stay of the sale on the condition that Appellant post a $400,000 bond. Appellant then filed an emergency petition before this Court requesting to be relieved from the bond requirement. After a hearing on January 25, 2013, this Court denied Appellant the requested relief. The sale was held on January 29, 2013 pursuant to the sale order and the assets of the estates were sold to the highest bidder in the amount of $400,000. The sale was confirmed on February 4, 2013.

Appellant argues that under 11 U.S.C. § 365(d)(4), the Jones Oil and Gas Leases were not assets of the bankruptcy estates, and the Trustee could not sell them. A trustee is given 120 days after the date of the order for relief to assume "an unexpired lease of nonresidential real property" or it shall be deemed rejected. 11 U.S.C. § 365(d)(4). It is undisputed that the Jones Oil and Gas Leases were not assumed within the 120 days. The issue before the Court according to the Appellant, however, is whether oil and gas leases constitute nonresidential leases of real property within the meaning of 11 U.S.C. § 365(d)(4) in Kentucky. Appellee has made a motion to dismiss the appeal pursuant to 11 U.S.C. § 365(m).

2

## II. STANDARD OF REVIEW

A federal district court has jurisdiction to hear appeals from "final judgments, orders, and decrees" of the bankruptcy court. 28 U.S.C. § 158(a). On appeal, a district court reviews the bankruptcy court's finding of fact under a clearly erroneous standard, but reviews de novo the bankruptcy court's conclusions of law. Nicholson v. Isaacman (In re Isaacman ), 26 F.3d 629, 631 (6th Cir. 1994). Most, if not all the facts are undisputed. Therefore, the Court will review de novo the bankruptcy court's conclusions of law.

## III. DISCUSSION

Appellee filed a motion to dismiss the instant appeal based on 11 U.S.C. § 363(m) which limits appellate review of a sale of property of the estate under section 363(b) or (c). Section 363(m) states:

> The reversal or modification on appeal of an authorization under subsection (b) or (c) of this section of a sale or lease of property does not affect the validity of a sale or lease under such authorization to an entity that purchased or leased such property in good faith, whether or not such entity knew of the pendency of the appeal, unless such authorization and such sale or lease were stayed pending appeal.

11 U.S.C. § 363(m). Appellee argues that "[p]ursuant to § 363(m), an appeal of an order authorizing the sale of estate property must be dismissed on the basis of 'statutory mootness' once the sale is consummated if an appellant fails to obtain a stay of the sale order pending its appeal." (Appelle's Mot. to Dismiss, 4 [DN 13].) Since the Appellant failed to obtain a stay, Appellee states that Section 363(m) applies in order to eliminate the burden of engaging in litigation upon purchaser of the asset.

In response, Appellant argues that 11 U.S.C. § 363(m) is not applicable because it only applies to the sale of property of a bankruptcy estate, and as it states in its appeal, the Jones Oil and

3

Gas Leases were not property of the bankruptcy estate since the Trustee never assumed the leases pursuant to 11 U.S.C. § 365(d)(4). Appellee attempts to distinguish cases cited by Appellant stating that the cases cited by Appellant involved only sales of actual property of the estate.

The Sixth Circuit has held that Section 363(m) applies "when an appellant has failed to obtain a stay from an order that permits a sale of a debtor's assets[,]" and "it limits appellate review of a consummated sale regardless of the merits of legal arguments raised against it." In re Parker, 499 F.3d 616, 620-21 (6th Cir. 2007) (internal citations omitted). In re Parker involved the sale of a legal malpractice claim and the defendant argued he had no obligation to appeal from the Order of Sale because it was invalid since the legal malpractice claim was not property of the bankruptcy estate. The Sixth Circuit found that the bankruptcy court did not overstep its power by approving the sale and the court "at least arguably" had jurisdiction over the sale of the malpractice claim. Id. at 624. In its opinion, the Sixth Circuit relied on the Seventh Circuit's reasoning in In re Sax, 796 F.2d 994 (7th Cir. 1986), which involved the bankruptcy court's approval of a sale of a yacht. On appeal in Sax, the claim was made that Section 363(m) did not apply because the yacht was not property of the estate. "The Sax court held the lien claimant's appeal moot because 'the sale was authorized under § 363(b) and the lien claimant failed to obtain a stay of the sale.'" In re Parker, 499 F.3d at 622 (quoting In re Sax, 796 F.2d 994.) The Seventh Circuit responded to the argument that because the yacht was not property of the estate it could not be sold pursuant to Section 363(b) by stating that "Section 363(m) does not say that the sale must be proper under § 363(b); it says the sale must be authorized under § 363(b)," and "it matters not whether the authorization was correct or incorrect." In re Sax, 796 F.2d at 997-98. The Sixth Circuit noted that several other appellate panels have concluded "that § 363(m) moots appeal from an unstayed order of sale notwithstanding

claims that the property sold did not constitute property of the estate and the bankruptcy court thus lacked authority. See In re Vance, 12 Fed. Appx. 380, 382 (7th Cir.2001) ("Whether or not the sale was proper is irrelevant.'); The Charter Co., 829 F.2d at 1055–56; cf. also In re Rare Earth Minerals, 445 F.3d 359, 364 (4th Cir.2006) ("To recognize an exception to statutory mootness whenever a claimant asserts that her property was wrongly assumed into the estate 'would seriously undermine the purpose of § 363(m) and could destroy the rule altogether.'"); but cf. Rutherford Hosp., Inc. v. RNH P'ship, 168 F.3d 693, 699 (4th Cir.1999) (noting that "bankruptcy court's jurisdiction does not extend to property that is not part of a debtor's estate," and finding property not in existence at the time of the sale in bankruptcy "could not have been conveyed ..., mistakenly or otherwise")." In re Parker, 499 F.3d at 623.

In the case at present, Appellant is challenging the Bankruptcy Court's Sale Order made pursuant to Section 363(b) by arguing that the Jones Oil and Gas Leases are not part of the estate. As shown through the undisputed facts, Appellant failed to obtain a stay on the proceedings, and this Court previously held that the $400,000 bond requirement was not an abuse of discretion as the Trustee provided evidence that there was an interested bidder willing to pay over $300,000 for the leases and equipment at auction, with the possibility of more interested bidders. (Order, 1:13-CV-00007 [DN 5].) The Bankruptcy Court found that the purchase of the Jones Oil and Gas Leases was made in good faith and confirmed the sale. While Appellant argues that Section 363(m) does not apply because the Jones Oil and Gas Leases were not part of the estate, the Bankruptcy Court made specific findings that, indeed, the oil and gas leases were part of the estate and authorized the Sale Order based on that finding. As the Sixth Circuit has specifically stated, Section 363(m) "limits appellate review of a consummated sale regardless of the merits of legal arguments raised against

it." In re Nashville Sr. Living, LLC, 620 F.3d 584, 591 (6th Cir. 2010). Since § 363(m) moots appeal from an unstayed order of sale regardless of claims that the property sold did not constitute property of the estate, the Court finds that Appellee's attempt to overrule the Sale Order are moot. Therefore, Appellee's motion to dismiss is granted.

## IV. CONCLUSION

For the reasons set forth above, **IT IS HEREBY ORDERED** that the Appellee's motion to dismiss [DN 13] is **GRANTED** and the appeal is **DISMISSED** as statutorily moot.

*Joseph H. McKinley*

**Joseph H. McKinley, Jr., Chief Judge**
**United States District Court**

April 2, 2013

cc: counsel of record

6